NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

| | |
|---|---|
| : | |
| VANESSA-BARNES: BEY, : | |
| : | |
| Plaintiff, : | Civil Action No. 12-cv-7190 (JAP) |
| : | |
| v. : | **OPINION** |
| : | |
| MARY A. JOHNSON and HENRY JOHNSON, : | |
| : | |
| Defendants. : | |

_____

PISANO, District Judge

     Presently before the Court is Plaintiff Vanessa Barnes: Bey ("Plaintiff")'s application to proceed without prepayment of fees, or *in forma pauperis*, pursuant to 28 U.S.C. § 1915.  Having reviewed Plaintiff's application and having found that Plaintiff has demonstrated that she is unable to pay the required fees or give security thereof, the Court grants Plaintiff's application to proceed *in forma pauperis*.   The Court, however, dismisses Plaintiff's Complaint without prejudice because plaintiff did not provide a short and plain statement of the claim showing that she is entitled to relief and did not establish subject matter jurisdiction.

### I.    BACKGROUND

     On November 19, 2012, Plaintiff filed a complaint against defendants Mary A. Johnson and Henry Johnson ("Defendants") and an application to proceed *in forma pauperis*.  In the Complaint, Plaintiff seeks to quiet title to a piece of property allegedly located at 23 Hill Drive, Neptune, New Jersey.

## II.    DISCUSSION

After determining that a plaintiff is able to proceed *in forma pauperis*, the Court has an obligation to screen the Complaint and dismiss it if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §§ 1915(e)(2)(B); 1915A.

Here, Plaintiff has established that she is able to proceed *in forma pauperis* but has failed to state a claim on which relief may be granted.  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  In addition, a plaintiff "must assert specific facts implicating each named defendant in the alleged wrong" and state "the injury suffered . . . as a result of the alleged wrongs committed by defendants."  *El Ameen Bey v. Stumpf*, 825 F. Supp. 2d 537, 559, 560 (D.N.J. 2011).  Upon reading Plaintiff's submission, however, the Court finds that although Plaintiff seeks an order quieting title to property that Plaintiff is allegedly in possession of, the submission is confusing and does not outline what the claim is against Defendants and why Plaintiff is entitled to relief. Additionally, the Complaint fails to allege what is Defendants' alleged relationship to the land and what is the injury Plaintiff allegedly suffered at the hands of Defendants.  Moreover, Plaintiff attaches an "Affidavit Of Fact Al Seisin in Deed" to her submission, which lays out the meets and bounds of the property at issue, among other things, but it is unnecessarily verbose and incomprehensible.  Therefore, Plaintiff has thirty days from the date of the Order accompanying this Opinion to submit an Amended Complaint that contains a "short and plain statement of the claim showing that the pleader is entitled to relief," pursuant to Federal Rule of Civil Procedure 8(a), at which time the Court will reopen the matter and conduct further screening.  If Plaintiff fails to comply with Rule 8(a) and submits another Complaint similar to

the one at issue here, the Court will dismiss Plaintiff's Complaint with prejudice, without allowing Plaintiff another opportunity to state her claim.

Furthermore, Plaintiff's Complaint is subject to dismissal for lack of subject matter jurisdiction.   Subject matter jurisdiction may be established by either federal question or diversity jurisdiction.  *See* 28 U.S.C. §§ 1331, 1332.  Federal question jurisdiction exists if a civil action arises under "the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331. Diversity jurisdiction arises

> where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between – (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.
>
> [28 U.S.C. § 1332.]

Here, plaintiff alleges that the case is subject to diversity jurisdiction because Defendants live in Indianapolis, Indiana; however, Plaintiff fails to allege that the amount in controversy exceeds $75,000.  *See*, *e.g.*, *Darrington v. Taylor*, 2010 WL 3025117, *6 (D.N.J. Jul. 30, 2010). This case is not subject to federal question jurisdiction because an action to quiet title does not arise under the Constitution, laws, or treaties of the United States.   Therefore, the Court dismisses Plaintiff's Complaint without prejudice for lack of subject matter jurisdiction.  Plaintiff has thirty days from the date of the accompanying Order to amend the complaint and provide a "short and plain statement of the grounds for the court's jurisdiction."  Fed. R. Civ. P. 8(a).

In highlighting the defects in Plaintiff's pleading, the Court is mindful that the sufficiency of a *pro se* pleading must be construed liberally in favor of plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *El Ameen Bey*, 825 F.Supp.2d at 557.  In addition, the Court recognizes that it should not dismiss a complaint with prejudice "where [it] can be remedied by an amendment."  *Burton v. Project Renewal*, 2008 WL 314639, *2 (D.N.J. Jan. 29, 2008) (citing *Denton v. Hernandez*, 504 U.S. 25, 34 (1992) and *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002)).  As a result, the Court dismisses the Complaint without prejudice and gives Plaintiff thirty days from the date of the accompanying Order to amend the Complaint and provide a "short and plain statement of the claim" showing she is entitled to relief and a "short and plain statement of the grounds for the court's jurisdiction," pursuant to Federal Rule of Civil Procedure 8(a) and 28 U.S.C. § 1332.

## III.    CONCLUSION

For these reasons, the Court grants Plaintiff's application to proceed *in forma pauperis* and dismisses Plaintiff's Complaint for failure to state a claim and for failing to establish subject matter jurisdiction.  An Order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge

Dated: November 29, 2012